NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 6 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PATRICK JOSEPH DUNCAN, Jr., AKA
Patrick Joseph Duncan, Jr., AKA Patrick
Duncan, Jr., AKA Joseph Duncan, Jr.,

Defendant - Appellant.

No. 23-2374

D.C. No.
2:22-cr-00553-PA -1

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted December 4, 2024**
Pasadena, California

Before: OWENS, LEE, and KOH, Circuit Judges.

Patrick Joseph Duncan, Jr. appeals from the district court's denial of his

motion to suppress evidence resulting from an allegedly unlawful stop of his car

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Fourth Amendment. "We review de novo the denial of a motion to suppress." *United States v. Crawford*, 372 F.3d 1048, 1053 (9th Cir. 2004) (en banc). For investigatory stops, "[w]e review determinations of reasonable suspicion de novo, but factual findings underlying those determinations are reviewed for clear error, giving due weight to inferences drawn from those facts by resident judges and local law enforcement." *United States v. Bontemps*, 977 F.3d 909, 913-14 (9th Cir. 2020) (citation and internal quotation marks omitted). As the parties are familiar with the facts, we do not recount them here. We affirm.

The district court properly determined that the stop was lawful because police had reasonable suspicion of an ongoing crime. Consistent with the Fourth Amendment, police may, with reasonable suspicion, conduct a brief stop (1) to investigate a past felony; or (2) "to prevent ongoing or imminent crime," whether a felony or a misdemeanor. *United States v. Grigg*, 498 F.3d 1070, 1075 (9th Cir. 2007). For stops based on past misdemeanors, courts in this circuit "balanc[e] the interest of crime prevention and investigation against the interest in privacy and personal security." *Id.* at 1077.

Here, police had reasonable suspicion of an ongoing theft under Cal. Penal Code § 484. Police stopped Duncan's car while responding to 911 calls by a local BevMo! manager who reported that a man was stuffing tequila down his pants and attempting to leave the scene in a gold Cadillac. When police—who arrived in

time to follow Duncan's car out of the BevMo! lot—stopped the car a few hundred feet away, it was reasonable to suspect the theft was still occurring because Duncan had not reached a place of temporary safety. *See People v. Gomez*, 179 P.3d 917, 921 (Cal. 2008) ("[T]heft continues until the perpetrator has reached a place of temporary safety with the property."); *People v. Debose*, 326 P.3d 213, 233 (Cal. 2014) (explaining that no "place of temporary safety" has been reached "while an immediate and active pursuit to recover the property is in progress").

As police had reasonable suspicion of an ongoing crime, no interest balancing was required. The stop was lawful, and evidence obtained as a result was not the "fruit of the poisonous tree." *United States v. Twilley*, 222 F.3d 1092, 1095 (9th Cir. 2000). Thus, the district court properly denied Duncan's motion to suppress.

**AFFIRMED**.